FARMERS UNION CO-OPERATIVE ASSOCIATION, FAIRBURY, NEBRASKA, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97989. Promulgated April 3, 1941.

*Edward P. McDermott, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

OPINION.

TURNER: The respondent determined deficiencies in income and excess profits taxes for the fiscal year ended May 31, 1937, in the respective amounts of $660.07 and $375.64. The only issue is whether petitioner is exempt from tax as a farmers' cooperative association within the meaning of section 101 (12) of the Revenue Act of 1936. More specifically, the controlling question is whether the word "supplies", as used in the act, embraces "grain and feed" purchased by petitioner for the use of its member and nonmember patrons.

The facts are stipulated and as stipulated constitute our findings of fact.

Section 101 (12), *supra*, provides in part that an exempt cooperative association "may purchase supplies and equipment for nonmembers in an amount the value of which does not exceed the value of the supplies and equipment purchased for members * * *." Article 101 (12)–1 (*b*) of Regulations 94, promulgated pursuant to the statutory provision cited, provides in part as follows:

* * * The term "supplies and equipment" as used in section 101 (12) includes groceries and all other goods and merchandise used by farmers in the operation and maintenance of a farm or farmer's household.

The parties have stipulated that the value of supplies and equipment (including grain and feed) purchased by petitioner for nonmembers was in excess of the value of supplies and equipment (including grain and feed) purchased for members; and further that if we determine that the word "supplies" as used in the act includes grain and feed purchased by petitioner for use of its members and nonmembers, then the deficiency as determined by the respondent is correct, but if we determine otherwise the petitioner is exempt from the tax.

The sum and substance of petitioner's argument, as stated on brief, seems to be that grain and feed purchased by petitioner "do not constitute supplies as set forth in the Act"; that "the Act seems to emphasize groceries and all other goods and merchandise used by farmers"; that "feed or grain is never referred to as goods or merchandise, and was not in contemplation of the lawmakers when the Act was passed"; that "it was never intended to include grain or feed unless it was used for human consumption"; and that "had the lawmakers had in contemplation that grain and feed were supplies, they would have set it out specifically in the Act as they did groceries." Petitioner cites no authority in support of his contentions.

We do not think there is any sound reason or basis for limiting the meaning of the term "supplies" as contended for by the petitioner. In fact, we can think of nothing which would be more likely to fall under the category of "supplies" used by farmers in the operation and maintenance of a farm than grain and feed. For a definition of the word "supply", see Words and Phrases, vol. 8, pp. 6800, 6801. Cf. *Rockingham Co-Operative Farm Bureau, Inc.* v. *City of Harrisonburg* (Supreme Court of Appeals of Virginia), 198 S. E. 908.

The respondent's determination that petitioner is not an exempt cooperative association is sustained.

In the stipulation the petitioner concedes that the respondent correctly disallowed the following deductions, which are set forth in the deficiency notice; reserve, $1,379.85; depreciation, $129.85; and patronage dividends, $3,433.12.

*Decision will be entered for the respondent.*